**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4088**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LONNIE RUSSELL BURROUGHS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00137-WO-1)

Submitted:  August 18, 2020                    Decided:  August 28, 2020

Before MOTZ, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Whitney Nikki Shaffer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Russell Burroughs appeals the 67-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On appeal, Burroughs challenges the district court's imposition of a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A) (2018) because the firearm he possessed was stolen. We affirm.

Because Burroughs did not challenge the USSG § 2K2.1(b)(4)(A) enhancement in the district court, our review is for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). Burroughs contends that the district court erred in imposing the enhancement absent proof that he knew the firearm was stolen. We find no error, plain or otherwise, in the application of the enhancement.

Under the Guidelines' plain language, the USSG § 2K2.1(b)(4)(A) enhancement applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." USSG § 2K2.1 cmt. n.8(B). We previously have upheld the enhancement despite the absence of a scienter requirement. *United States v. Taylor*, 659 F.3d 339, 343-44 (4th Cir. 2011).

Burroughs attempts to rely on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to argue that the Guidelines should require proof of mens rea. Contrary to Burroughs' argument, *Rehaif* reaffirmed the proposition that defendants are required "to possess a culpable mental state regarding each of the statutory elements that criminalize *otherwise innocent conduct*." 139 S. Ct. at 2195 (emphasis added and internal quotation marks omitted). This principle does not apply to sentencing enhancements, which are imposed

2

only after the defendant has been convicted of unlawful conduct. *See Taylor*, 659 F.3d at 343-44 (reasoning that "it is not unusual to punish individuals for the unintended consequences of their *unlawful* acts" (alteration and internal quotation marks omitted)). Because *Rehaif* is inapposite, Burroughs' reliance on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (holding that *Rehaif* error during plea colloquy is structural error), is equally misplaced.

Burroughs also attempts to rely on *United States v. McManus*, 734 F.3d 315 (4th Cir. 2013), to argue that evidence of intent is required to impose a sentencing enhancement. *McManus* itself cannot undermine our binding precedent in *Taylor*. *See World Fuel Servs. Trading, DMMC v. Hebei Prince Shipping Co., Ltd.*, 783 F.3d 507, 523-24 (4th Cir. 2015) ("A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (alterations and internal quotation marks omitted)). In any event, *McManus* does not support Burroughs' proposition, as it addressed the application of a specific Guidelines enhancement that required proof of both a defendant's knowledge and his specific purpose. 734 F.3d at 319-20.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3